Welch, J.
This was an action by Billingsley against Horseley, commenced in 1866, upon Horseley’s promissory note, which fell due in 1840. To avoid the defence of the statute of limitations, the plaintiff introduced evidence of verbal promises to pay the debt, made by the defendant within fifteen years next preceding the commencement of the action, and less than fifteen years after the note fell due, but after the 1st of July, 1853, when the code of civil procedure took effect. The defendant objected to this evidence, but the court overruled his objection, and, upon the evidence, found for the plaintiff, giving him a judgment for the amount of the note. In receiving and acting upon this evidence, and upon it finding for the plaintiff, it is alleged the court erred; *415 the code (sec. 24) requiring, as it is claimed, that such promises should be in writing.
The code (sec. 6) declares that title 2 (the title on limitations) shall not apply to cases where the right of action had already accrued, but that to such cases the statute then in force should be applicable. The right of action here accrued in 1840, and was still subsisting in 1853, when the 'code took effect. Section 24 of the code, which requires such promises to be made in writing, is a part of title 2, and by the plain provision of section 6, does not apply to this action, which is governed by laws in force at the time the code took effect. Those laws declare that a promise, verbal or written, made within fifteen years after the cause of action accrued, shall have the effect to keep it alive for fifteen years from and after the date of the promise. This action is upon the original cause, which had accrued, and was still subsisting at the date of the code; and the promise is relied upon, not as being itself a new cause of action, but merely as the means by which the original cause had been kept alive. We think the court was right in receiving the evidence, and in holding it sufficient to maintain the plaintiff’s action.

Judgment affirmed.

Brinkerhoee, C.J., and Scott, White, and Day, JJ., concurred.